IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

BRUCE ALLEN JORDAN                                                     PLAINTIFF

VS.                                              CIVIL ACTION NO. 3:15cv717-CWR-FKB

OFFICER GREG JONES, et al.                                          DEFENDANTS

REPORT AND RECOMMENDATION

Bruce Allen Jordan is a pretrial detainee at the Rankin County Detention Center.

He filed this action pursuant to 42 U.S.C. § 1983 alleging numerous unconstitutional

conditions, including inadequate medical treatment, inadequate diet, and denial of access

to the courts.  Presently before the Court is the motion of Defendants Sheriff Bryan Bailey

and Lt. James Rutland (the Rankin County Defendants) for summary judgment [31] based

upon failure to exhaust administrative remedies.  Plaintiff has not responded to the

motion.  The undersigned recommends that the motion be granted.

In support of their motion, movants have submitted the affidavit of Lt. Rutland [31-

3] at 1.  In his affidavit, Lt. Rutland describes the inmate grievance system at the detention

center and states that all inmates are informed of the system during orientation.

Additionally, television sets in the dorms continuously play slides with information and

reminders, including information on the grievance procedure.  A copy of the document

outlining the detention center's grievance procedure is attached to the affidavit.

Defendant Rutland states in his affidavit that between May 23, 2015, the date of Plaintiff's

booking into the jail, and October 2, 2015, the date of the filing of his complaint, Plaintiff

submitted no inmate grievance forms.

The applicable section of the Prison Litigation Reform Act (PLRA), 42 U.S.C. §

1997(e), requires that an inmate bringing a civil rights action in federal court first exhaust his administrative remedies. *Whitley v. Hunt*, 158 F.3d 882 (5th Cir. 1998).  This exhaustion requirement "applies to all inmate suits about prison life."  *Porter v. Nussle*, 534 U.S. 516, 122 S. Ct. 983, 992 (2002).  The requirement that claims be exhausted prior to the filing of a lawsuit is mandatory and non-discretionary.  *Gonzalez v. Seal*, 702 F.3d 785 (5th Cir. 2012).  The undisputed evidence establishes that Plaintiff has never filed any grievance regarding the claims against the Rankin County Defendants.  For this reason, the undersigned recommends that the motion for summary judgment be granted and that all claims against Sheriff Bryan Bailey and Lt. James Rutland be dismissed.

The parties are hereby notified that failure to file written objections to the findings and recommendations contained in this report within fourteen (14) days from being served with a copy of this report will bar an aggrieved party, except upon grounds of plain error, from attacking on appeal proposed factual findings and legal conclusions accepted by the district court.  28 U.S.C. § 636; *Douglass v. United Service Automobile Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

Respectfully submitted, this the 18th day of May, 2016.

/s/ F. Keith Ball
UNITED STATES MAGISTRATE JUDGE

2